UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID JOHN LYONS,

        Plaintiff,

v.                                                                                     Case No. 05-CV-72432-DT
                                                                                       Honorable Avern Cohn
GARY KASENOW,[1] RATCHEL WATERBURY,
WILLIAM EARDLEY, WILLIAM FURNO,
and JOSEPH McCARROLL,

        Defendants.
_____/

## ORDER OF DISMISSAL

### I. Introduction

This is a pro se civil rights case for monetary and injunctive relief under 42 U.S.C. § 1983. Plaintiff David John Lyons is a state prisoner at Mound Correctional Facility in Detroit, Michigan. Defendants are: Gary Kasenow, a hearing officer for the Michigan Department of Corrections (MDOC); Ratchel Waterbury, an MDOC employee in the Office of Field Programs; William Eardley, a parole agent for MDOC; William Furno, a police detective for Clinton Township, Michigan; and Joseph McCarroll, an attorney who apparently is in private practice.

The complaint and attachments indicate that, on June 10, 2003, a formal hearing was held on charges that plaintiff violated the conditions of parole. Plaintiff alleges that defendants William Eardley and William Furno previously conspired to arrest him on

---

[1] Plaintiff has spelled this defendant's surname as "Kasnow" and as "Kasenow." The Court believes the correct spelling is "Kasenow."

trumped up charges of violating parole and that both Eardley and attorney Joseph McCarroll made false statements at the parole revocation hearing. Plaintiff contends that defendant Waterbury presented erroneous information at the hearing in a successful attempt to convince defendant Kasenow to find plaintiff guilty and recommend that plaintiff's parole status be revoked.

Plaintiff contends that the charges against him were false and were based on erroneous information. He maintains that he was acting as an informant for the police and did not violate the conditions of parole. Plaintiff further alleges that he was denied a certified copy of a transcript of the hearing, which would reveal exculpatory evidence. Plaintiff asserts that the Parole Board should release him from unlawful custody or, at least, hold another revocation hearing on correct information.

The relief sought is for the Court to compare the certified transcript with the non-certified transcript, which allegedly contains erroneous information. Plaintiff apparently believes that the decision to revoke his parole was arbitrary and unlawful. He wants the Court to take appropriate corrective action and to award him money damages.

## II. Discussion

To successfully establish a prima facie case under § 1983, plaintiff must prove that defendants acted under color of state law and deprived him of rights secured by federal law. Block v. Ribar, 156 F.3d 673, 677 (6th Cir. 1998) (citing Parratt v. Taylor, 451 U.S. 527, 535 (1981)). When screening an indigent prisoner's civil rights complaint against a governmental entity, officer, or employee, a federal district court must determine whether the complaint, or any portion of it, (1) is frivolous, malicious, or fails to state a claim for which relief may be granted, or (2) seeks monetary relief from a

defendant who is immune from such relief. Smith v. Campbell, 250 F.3d 1032, 1036 (6th Cir. 2001) (citing 28 U.S.C. §§ 1915(e)(2) and 1915A). A complaint is frivolous if it lacks an arguable basis in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989).

The pending complaint is frivolous because it challenges plaintiff's incarceration by attacking the decision to revoke parole. Plaintiff is suggesting that defendant Kasenow and members of the Parole Board abused their discretion and reached the wrong result based on erroneous information. Plaintiff has no right to money damages, because a judgment in his favor would necessarily imply the invalidity of the parole revocation. A damages claim is foreclosed unless and until he shows that the decision to revoke parole was invalidated by state officials or impugned by a federal habeas court. See Spencer v. Kemna, 523 U.S. 1, 17 (1998); Heck v. Humphrey, 512 U.S. 477, 486-87 (1994); Littles v. Board of Pardons & Paroles Div., 68 F.3d 122, 123 (5th Cir. 1995).

To the extent that plaintiff is seeking corrective action in the form of release from confinement, his claims would be more appropriate in a habeas corpus petition. Preiser v. Rodriguez, 411 U.S. 475, 499 n.14 (1973). A civil rights action under § 1983 is not a proper remedy for a state prisoner who is making a constitutional challenge to the fact or length of custody. Id. at 499.

The allegation that plaintiff was denied a certified transcript of the revocation hearing fails to state a claim for which relief may be granted, because "the revocation of parole is not part of a criminal prosecution and thus the full panoply of rights due a defendant in such a proceeding does not apply to parole revocations." Morrissey v. Brewer, 408 U.S. 471, 480 (1972). Due process in a parole revocation case merely

requires "a written statement by the factfinders as to the evidence relied on and reasons for revoking parole." Id. at 489. The Court has found no support for the implicit suggestion that plaintiff is entitled to a certified copy of a transcript of the hearing.[2] In any event, an exhibit to the complaint indicates that plaintiff's family acquired a copy of a cassette tape of the hearing, and plaintiff alleges that the Parole Board has been made aware of the erroneous information. The Court concludes that the lack of a certified transcript did not deprive plaintiff of due process.

Allegations against two of the defendants are frivolous for the following additional reasons. Defendant Kasenow enjoys absolute immunity from suit for actions taken in his role as a professional hearing officer for MDOC. Shelly v. Johnson, 849 F.2d 228 (6th Cir. 1988). The claim against defendant McCarroll is frivolous and fails to state a claim, because private attorneys, even those appointed by the court, do not act under color of state law. Mulligan v. Schlachter, 389 F.2d 231, 233 (6th Cir. 1968).

### III. Conclusion

Plaintiff's allegations lack an arguable basis under law. Therefore, the complaint is dismissed as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). An appeal from this order also would be frivolous and could not be taken in good faith. 28 U.S.C. § 1915(a)(3); Coppedge v. United States, 369 U.S. 438, 445 (1962); McGore v.

---

[2] Plaintiff alleges that his family arranged to purchase the certified transcript, but they had not received it as of the date of plaintiff's complaint.

Wrigglesworth, 114 F.3d 601, 610-11 (6th Cir. 1997).

      SO ORDERED.

                                  s/Avern Cohn  
                                  AVERN COHN  
                                  UNITED STATES DISTRICT JUDGE

Dated: July 18, 2005

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, July 18, 2005, by electronic and/or ordinary mail.

                                  s/Julie Owens  
                                  Case Manager  
                                  (313) 234-5160