UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID JOHN LYONS,

       Plaintiff,

v.                                    Case No. 05-CV-72432-DT
                                    Honorable Avern Cohn
GARY KASENOW, RATCHEL WATERBURY,
WILLIAM EARDLEY, WILLIAM FURNO,
and JOSEPH McCARROLL,

       Defendants.
_____/

**ORDER**
**VACATING ORDER OF REFERENCE TO MAGISTRATE JUDGE**
**AND**
**DENYING PLAINTIFF'S MOTION TO CLARIFY, CORRECT, OR AMEND THE COMPLAINT**
**AND**
**DENYING PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO SERVE DEFENDANTS**

I.

This is a prisoner civil rights case under 42 U.S.C. § 1983. Before the Court is Court plaintiff's motion to clarify, correct, or amend his civil rights complaint and plaintiff's motion for an extension of time to serve the complaint on the defendants. For the reasons that follow, the motions are DENIED.

II.

On July 18, 2005, the Court dismissed plaintiff's complaint as frivolous under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b) after concluding that plaintiff was attacking the Michigan Parole Board's decision to revoke his parole. The Court further concluded that plaintiff was not entitled to a certified transcript of his parole revocation hearing. The Court also stated that defendant Gary Kasenow enjoyed immunity from suit as a

professional hearing officer for the Department of Corrections and that defendant Joseph McCarroll was not a state actor. The Court's order did not appear immediately on the docket, however, and on August 26, 2005, the Court inadvertently referred the case to a Magistrate Judge.

III.

Plaintiff concedes in his pending motion to clarify, correct, or amend that the Court properly dismissed Gary Kasenow and Joseph McCarroll from this action and that the Court correctly concluded he was not entitled to a certified transcript of his parole revocation hearing. He claims, however, that the Court misunderstood the requested relief. He states that he was not challenging his incarceration; instead, he was attacking the defendants' criminal actions, false charges, perjury, and conspiracy to deprive him of his civil rights. An exhibit to plaintiff's motion indicates that plaintiff wrote to the Clerk of Court on July 15, 2005, and offered to submit another complaint with more details. Plaintiff stated in his letter that he was not seeking release from unlawful custody, but that he wanted money damages and to have erroneous records expunged. Plaintiff alleges in his motion for extension of time that the Michigan Parole Board has taken some action to correct the erroneous information. He requests sixty days in which to consult an attorney, to make necessary modifications in his complaint, and to serve the complaint on the defendants.

Plaintiff recently notified the Court that he is residing at home. Records maintained by the Michigan Department of Corrections confirm that plaintiff was released on parole as of October 22, 2005.

IV.

As an initial matter, the Order of Reference to the Magistrate Judge dated August 26, 2005 VACATED.

The Court also incorrectly dismissed the case under 42 U.S.C. § 1915(e)(2)(B). Plaintiff prepaid the filing fee for this action, and under Benson v. O'Brian, 179 F.3d 1014, 1015-17 (6th Cir. 1999), courts may not summarily dismiss a prisoner's complaint under 28 U.S.C. § 1915(e)(2). Summary dismissal, nevertheless, was proper under 28 U.S.C. § 1915A because plaintiff was a prisoner at the time and he sued governmental officers or employees. See In re Prison Litigation Reform Act, 105 F.3d 1131, 1134 (6th Cir. 1997) (explaining that §1915A is applicable at the initial stage of the litigation and is restricted to prisoners who sue governmental entities, officers, or employees, whereas § 1915(e)(2) is applicable throughout the litigation and is not restricted to actions brought by prisoners, nor to cases involving governmental defendants); see also Wojnicz v. Davis, 80 Fed. Appx. 382, 383 (6th Cir. 2003) (stating that, under Benson, the district court erred in dismissing the complaint pursuant to § 1915(e)(2), but the Court properly applied § 1915A because Wojnicz was a prisoner seeking redress from a governmental entity or its officers or employees), cert. denied, 540 U.S. 1152 (2004).

As to plaintiff's motion to amend and motion for an extension, the Court declines to grant plaintiff's motions because he has no right to amend his complaint to avoid a sua sponte dismissal. In re Prison Litigation Reform Act, 105 F.3d at 1138. Furthermore, the complaint asked the Court to compare the certified transcript of plaintiff's parole revocation hearing to the noncertified transcript and to verify that the Parole Board relied on erroneous information and made an arbitrary decision tor revoke parole. Because plaintiff claims that he was falsely charged with violating the conditions

of parole, success in this action would necessarily invalidate the time he spent incarcerated after his parole was revoked. This civil rights action is barred absent prior invalidation of the decision to revoke parole. Wilkinson v. Dotson, __ U.S. __, __, 125 S. Ct. 1242, 1248 (2005).

Plaintiff has not demonstrated that the decision to revoke his parole was invalidated. Nor has he convinced the Court that the amended claims state a claim for which relief may be granted.

SO ORDERED.

                        s/Avern Cohn
                        AVERN COHN
                        UNITED STATES DISTRICT JUDGE

Dated: November 21, 2005

I hereby certify that a copy of the foregoing document was mailed to David Lyons and counsel of record on this date, November 21, 2005, by electronic and/or ordinary mail.

                        s/Julie Owens
                        Case Manager
                        (313) 234-5160